THE STATE v. REYNOLDS, *Appellant.*

DIVISION TWO.

**Criminal Law:** PLEADING : PRACTICE : FALSE PRETENSES.   An indictment under Revised Statutes, 1879, section 1561, for obtaining or attempting to obtain money by means or use of a trick, or deception, which follows the form prescribed by the statute, must set forth the name of the person upon whom the deception was practiced or attempted to be practiced, and the evidence must sustain the allegations of the indictment in this respect, in order to support a conviction.

*Appeal from   Greene   Circuit   Court.*—HON.   W.  D. HUBBARD,  Judge.

REVERSED.

*Hill & Danford, F. M. Wolf* and *O. H. Travers* for appellant.

Cited the following authorities:   *State v. Clay,* 100 Mo. 571 ; *State v. Crocker,* 95 Mo. 389 ; *State v. Horn,*

93 Mo. 190; *State v. McChesney*, 90 Mo. 120; 1 Bish. Crim. Proc., secs. 81, 86, 88, 519, 530, 549, 553, 566, 568; 1 Whar. Prec. of Indictments and Pleas [ 3 Rev. Ed.] sec. 264, and notes on bottom pages 268–279, inclusive, and secs. 265–272, inclusive.

*John M. Wood*, Attorney General, for the State.

( 1 ) 'The indictment charges the offense in the language of the statute, and is sufficient. *State v. Clay*, 100 Mo. 571, and cases cited; *State v. Sarony*, 95 Mo. 351, and cases cited; *State v. Bayne*, 88 Mo. 604, and cases cited; *State v. Porter*, 75 Mo. 171. ( 2 ) The instructions, therefore, which the court gave, properly declared the law to the jury, and no error was committed in refusing those asked by defendant. *Com. v. Call*, 21 Pick. 515; 2 Bishop, Crim. Proc., sec. 174; 1 Bishop, Crim. Proc., secs. 332, 334; 2 Bishop, Criminal Law, sec. 472; *State v. Bayne, supra*.

MACFARLANE, J.—Defendant was tried and convicted under the following indictment: "The grand jurors of the state of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath, present that one E. S. Johnson, *alias* E. S. Reynolds, late of the county and state aforesaid, on or about the tenth day of February, 1888, at the county of Greene, and state of Missouri, with intent to cheat and defraud, did then and there unlawfully and feloniously attempt to obtain from William W. Smith $10, of the value of $10, his money and property, by means and by use of a cheat and fraud, and a trick and a deception, and a false and fraudulent representation and statement, contrary to the forms of the statutes in such cases made and provided, and against the peace and dignity of the state."

The prosecution was for offenses enumerated under section 1561, Revised Statutes, 1879.

On the trial the prosecution, to sustain the charge in the indictment, introduced the following order :

"SPRINGFIELD, Mo., February 10, 1888.

"Please pay E. S. Johnson $10, and I will see that it is paid.   I am respectfully,

"MRS. M. J. SMITH,

"Per SARAH."

This order was presented by defendant to·the clerks of the firm of J. Rodecker & Co., in which William W. Smith was a partner and business manager, and payment requested.   Defendant represented to these clerks, on presentation of the order, that it was drawn by the wife of William W. Smith.   The order was not paid, and Mrs. Smith's name was not M. J. Smith.

The means used by defendant in his attempt to obtain the money was evidently the order read in evidence.   This did not purport to be drawn by or addressed to William W. Smith, nor was it presented to him for payment.   The statutory form, given under section 1561, Revised Statutes, 1879, requires the name of the person upon whom the deception was practiced, or attempted, to be set forth in the indictment, and it has been held that this is a necessary averment.   *State v. Horn*, 93 Mo. 191 ; *State v. Fancher*, 71 Mo. 461 ; *State v. McChesney*, 90 Mo. 123.   If it was necessary that the indictment should set forth the name of the person upon whom the deception was attempted, it was equally necessary that the evidence should sustain the charge in that particular as laid.

The constitutionality of the form prescribed by the statute has only been upheld on the ground that the name of the victim defrauded was required to be set forth in the indictment, and, it is held, an omission of the name will invalidate the indictment.   *State v. McChesney, supra.*   "And," says SHERWOOD, J., in *State v. Horn, supra,* "it will further follow that such omission cannot be supplied or cured by other sections of the statute sufficient for such purpose in a general way,

where no such constitutional obstacle intervenes.'' We must hold, therefore, that the variance between the name of the person, as set forth in the indictment, and that shown by the proof, is fatal and is not cured by section 1820, and other curative sections of the statute.

In this case it does not become necessary to consider whether the form prescribed by section 1561 is in conflict with section 22 of the bill of rights, or if not whether, under the form, the particular offense, intended to be charged, should be .extended into detail so as to render the particular instance of offending certain; judgment reversed and defendant discharged from his recognizance.    All concur.