STATE OF MISSOURI, Respondent, v. S. L. CRIDER, Appellant.

St. Louis Court of Appeals, June 20, 1914.

1. **CRIMES AND PUNISHMENTS: Consolidation of Informations: Waiver.** By failing to object in the trial court to the consolidation of two informations charging violations of the same law, defendant waives his right to complain on that score on appeal.

2. **LOCAL OPTION: Sufficiency of Information.** An information for violating the Local Option Law (Sec. 7243, R. S. 1909), charging a sale of "intoxicating liquor, to-wit, one pint of cider, a fermented beverage containing alcohol," was not vulnerable to the objection that it failed to charge that the cider sold was intoxicating or contained any quantity of alcohol.

3. **INDICTMENTS AND INFORMATIONS: Justices' Courts: Form of Information.** It is not necessary that an information charging the commission of a misdemeanor, filed in a justice's court, disclose that it is based upon the knowledge, information or belief of the prosecuting attorney, since the statute authorizing the institution of such prosecutions (Sec. 4968, R. S. 1909) does not require that the source of the prosecuting attorney's information be made to appear.

4. **LOCAL OPTION: Violation: Sufficiency of Evidence.** In a prosecution for violating the Local Option Law by the sale of cider, evidence that the Local Option Law was in full force and effect in the county at the time the sale was made, and that the cider contained alcohol and was in fact intoxicating, was sufficient to sustain a conviction.

5. ———: ———: **Admission of Evidence: Harmless Error.** Where a person accused of violating the Local Option Law was acquitted on a count in the information charging a wrongful sale of whiskey and was convicted on a count charging a wrongful sale of cider, *held* that he was not prejudiced by the admission of evidence that certain whiskey had been shipped to him.

6. ———: ———: **Instructions.** In a prosecution for violation of the Local Option Law by the sale of cider, *held* that the instructions were free from error.

7. **CRIMES AND PUNISHMENTS: Appellate Practice: Remarks Made by Prosecuting Attorney: Prerequisites to Review.** On appeal from a judgment of conviction in a criminal prosecution,

*held* that an assignment of error predicated on remarks made by the prosecuting attorney before the jury could not be sustained, since not only was no specific objection interposed thereto at the time, but the language used could not have substituted reversible error.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*C. P. Hawkins* for appellant.

(1) In charging sale of beverage not known to be intoxicating, the indictment or information must allege that it is intoxicating and it is not only necessary to allege that the beverage sold is intoxicating, but it devolves upon the State to prove that it is intoxicating. State v. Houts, 36 Mo. App. 265. (2) Shipments of intoxicating liquors into local option county or territory is not a violation of the Local Option Law and is no evidence of the guilt of the defendant, and the court erred in permitting the State to prove that appellant had received shipments of whiskey. State v. Rosenberger, 212 Mo. 648; State v. Foulks, 207 Mo. 26.

*Thos. F. Donaldson,* prosecuting attorney, and *J. P. Tribble,* assistant prosecuting attorney, for respondent.

(1) Our statute does not require the source of the information of the prosecuting attorney be made to appear. He may file his information on belief, merely. R. S. 1909, sec. 4968; State v. Ransberger, 106 Mo. 135; State v. Webb, 47 Mo. App. 599. (2) The mere allegation of improper remarks is not enough. They must appear in the bill of exceptions. Even the reference to the remarks in the motion for new trial is not sufficient to entitle appellant to have this court review them. State v. Miles, 199 Mo. 530; State v. DeWitt,

191 Mo. 51; State v. Schrum, 164 S. W. 202;
State v. James, 194 Mo. 268; State v. Grant, 194 Mo.
364.

ALLEN, J.—Defendant was convicted, in the circuit court of Dunklin county, of a violation of the Local
Option Law, theretofore adopted and in force and effect in said county. His punishment was assessed at
a fine of three hundred dollars, and he appeals.

There were two informations pending against
defendant. The first was filed in the circuit court, by
the prosecuting attorney of said county, on May 1,
1911, and contained three counts. The first count
thereof charged the sale of one pint of whiskey in
March, 1911. The other two counts need not be noticed. This information was docketed as cause No.
298 of the circuit court.

The second information was filed by the prosecuting attorney before a justice of the peace on October 6, 1911, and contained four counts. The first count
thereof charged the sale of "intoxicating liquor, to-wit,
one pint of cider, a fermented beverage containing
alcohol." The remaining three counts of this information need not be noticed.

Upon the information filed before the justice of
the peace the defendant was tried and found guilty
as to the said first count thereof. From this conviction the defendant appealed to the circuit court, and
such appeal was there docketed as cause No. 437A;
and thereafter it was, by order of the court, consolidated with cause No. 298 above mentioned, the two to
be "tried as two counts in one information." The
prosecuting attorney thereupon dismissed the second
and third counts of the information filed in the circuit
court in cause No. 298, and likewise dismissed counts
two, three and four of the information filed before the
justice of the peace, in cause then numbered 437A;
thus leaving but two counts, to-wit, count No. 1 of

the information filed in the circuit court, charging the sale of whiskey, and count No. 1 of the information filed before the justice of the peace, charging a sale of cider.

Upon the trial in the circuit court defendant was convicted upon the first count of the information filed before the justice of the peace, charging a sale of cider, and acquitted as to the other count upon which he was tried.

Appellant complains here of the order of consolidation, but it appears that he interposed no objections whatsoever thereto below, but, on the contrary, on the same day went to trial upon both counts without objection. He must therefore be held to have waived his right to complain on this score.

The count of the information upon which the defendant was convicted is assailed upon the ground that it failed to charge that the cider sold was intoxicating "or contained any quantity of alcohol." It is unnecessary to set out this count of the information, for it is sufficient to say that it charges that the cider sold was an intoxicating liquor, a fermented beverage containing alcohol. The prosecution was under section 7243, Revised Statutes 1909; and the information was clearly sufficient under the statute.

Appellant also challenges the information because, as he says, it is "not based upon the knowledge, information or belief of the prosecuting attorney as contemplated by law." But the statute does not require that the source of the prosecuting attorney's information be made to appear. [Sec. 4968, Rev. Stat. 1909.] The information is not faulty on this ground. [See State v. Ransberger, 106 Mo. 146, 17 S. W. 290.]

Other attacks upon the information are so clearly without merit as not to warrant discussion.

It is urged that the evidence is insufficient to sustain the conviction. But we are not so persuaded. It is conceded that the Local Option Law was in full force

and effect in the county at the time that the sale was made. And there is sufficient evidence going to show that the cider sold contained alcohol and was in fact intoxicating. There was the testimony of a number of witnesses to the effect that they became thoroughly intoxicated upon it, and that they purchased it because of its intoxicating effects. It would serve no useful purpose to rehearse this testimony. Suffice it to say that it is ample to sustain the conviction. [See State v. Gamma, 149 Mo. App. 694, 129 S. W. 734; State v. Martin, 230 Mo. 1, 129 S. W. 931.]

The point is made that the court erred in admitting testimony to the effect that certain whiskey had been shipped to defendant, it being contended that this was no evidence of defendant's guilt. But if there could have been any error in this, the testimony related altogther to the count upon which the defendant was acquitted, which was for the sale of whiskey some months prior to the time involved in the count upon which he was convicted, and could not have been prejudicial.

No point is made as to the instructions. We have, however, carefully reviewed them, and find that they contain no error either of misdirection or nondirection.

Certain remarks of the prosecuting attorney before the jury are complained of. Not only was no specific objection interposed thereto at the time, but we are unable to see that the language used could have constituted reversible error.

The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.